ALFRED DOCKERY v. R. S. FRENCH, Trustee, JOSEPH THOMPSON, T. J. MORRISEY and others.

An order restraining the sale of certain premises, to which the plaintiff claims title, will be continued to the final hearing, and the plaintiff's right protected, if the complaint and affidavits disclose merits on his part.

CIVIL ACTION and motion for an injunction, heard before *Russell, J.*, at the Spring Term, 1873, of the Superior Court of ROBESON county.

On the 16th January, 1873, the plaintiff issued summons to the defendants, French, Thompson and Morrisey, at the same time filing his complaint, in which he alleged that in March, 1859, the defendant, Morrisey, executed to the defendant, French, a deed of trust, conveying certain lands and slaves for the purpose of securing a debt due Thompson as guardian, and of securing him on account of his suretyship for Morrisey on a note due the Bank of Fayetteville.

That Morrisey was permitted to remain in possession of the land until he sold it to the plaintiff, and of the slaves until they were emancipated.

That Morrisey in February, 1864, paid off and discharged in full the debts secured by said deed of trust, and that the defendant, Thompson, surrendered to him the notes, the evidences of the debts, receipting in full on the deed for all claims secured in it, and declaring the deed to be satisfied so far as he was concerned.

That in November, 1870, the defendant, Morrisey, being in full possession of the land, sold the same to the plaintiff for a valuable consideration.

That the trustee refuses to convey the legal estate, and has advertised to sell the land.

Plaintiff prays that the trustee may be compelled to convey to him the legal title, and that he be restrained from selling, &c.

At the Special (January) Term, 1873, of Robeson Superior Court, his Honor, Judge BUXTON, made an order in the cause restraining the trustee from selling, and commanding him to appear and answer at the term of the Court beginning in February.

The defendant, Thompson, in his answer denies the payment of the debts secured in the trust, alleging that in 1864 Morrisey came to his house and paid him Confederate money to the amount of about $6,000, and having no legal advice he received the same.

French, the trustee, in his answer sets forth the facts as to the trust, contending that the money belonged to the wards of Thompson, to-wit: the minor children of Wm. Blount, and that he had no right to receive Confederate money in payment of a debt due them, and insisting that the plaintiff be held to strict proof in regard to the purchase of the land from Morrisey. This defendant also charged that at the time of the sale to the plaintiff a suit against Thompson was pending, brought by his wards, the Blount heirs, for the recovery of the identical money loaned Morrisey.

The plaintiff filed an affidavit, in which is fully set out the consideration given for the land.

The heirs of Wm. Blount, claiming an interest in the controversy, were made party defendants, and answered substantially setting up the same defense as their co-defendants.

His Honor, Judge Russell, upon hearing the cause upon the complaint and answers, ordered the injunction or restraining order to be continued until final hearing.

From this judgment the defendants appealed.

*McLean,* with whom were *Strange* and *W. McL. McKay,* for the appellants, filed the following brief:

1. When trust property has been improperly disposed of,

and is capable of being followed in specie, the party in possession with notice, may be compelled to reconvey it. If it cannot be followed, or the person in possession cannot be made liable to the trust, the trustee will be decreed to compensate the *cestui que trust* by payment of the value of the property so lost, &c. *Freeman* v. *Cook*, 6 Ired. Eq. 373.

2. Accepting in payment of a *well secured debt* of $6,000 Confederate money in 1864, worth only $300, is an improper disposition of trust funds, and the security, to-wit: the land conveyed in the deed of trust can be followed.

3. None of the wards having given their assent to their guardian to receive in payment Confederate money in February, 1864, worth at the time only $300 for $6,000, the amount of their debt, then the debt remains unpaid for the whole amount except $300. And according to the terms of the trust, the debt remaining unpaid and unsatisfied, it is the duty of the trustee to sell the land to satisfy the debt secured by the trust. *Baird* v. *Hall*, 67 N. C. Rep. 233 ; *Emerson* v. *Mallett*, Phil. Eq. 234.

4. The Courts of the State will see that a guardian who has his wards' debt secured by land cannot relinquish his security to the prejudice of his wards. *Singletary* v. *Whitaker*, Phil. Eq. 79.

*Fuller & Ashe* and *B. Fuller*, contra, submitted :

1. The injunction is granted to restrain *an act* which tends to the injury of a party pending the litigation. C. C. P., sec. 189.

2. And it will be granted when the Court sees that it is necessary to protect the party during the litigation without reference to the ultimate issue of the trial, or the merits of the cause, if there be merits or cause of action. That is, if there be a controversy between the parties to the action, and it appears from the affidavit that it is reasonably necessary

for the protection of the rights involved, an injunction will be granted. *Jarman* v. *Saunders*, 64 N. C. Rep. 369. And questions of title will not be tried on affidavits; nor will the merits of the case he heard. If it appears that there is something real, substantial in plaintiff's case, "*not mere sham*," but "something fit to be considered of," the Court will not "put an end to the matter" on affidavits, but grant an injunction. *Hones* v. *Mauney*, 67 N. C. Rep. 218, at end of case.

Here the plaintiff bought Morrisey's interest. He is entitled to have all he got protected until it is decided how much he got by his purchase, and this is a matter of proof under all the circumstances surrounding the payment. There is no case which decides that a payment of Confederate money, apart from the circumstances is *ipso facto*, a discharge only for its value. *Baird* v. *Hall*, 67 N. C. Rep. 233. And even if it was a payment *pro tanto* only, the value must be ascertained at the hearing, and in the meantime the plaintiff's right will be protected.

3. But not only so; the plaintiff is entitled against the trustee to a conveyance of the legal estate upon the payment of the balance of the debt and interest, even if the payment relied on was only for its value. And this right would be lost by a sale. The Court in its decree will give him a reasonable time to pay the debt before a sale will be ordered, and the decree cannot be made until the hearing. It will not be heard on affidavits. *Ward* v. *Brandt*, Phil. Eq. 71, is authority for the position that a resulting trust, as in that case, and in ours, will be protected by the decree. And if a sale should be allowed now, the resulting trust to Morrisey, which, *at least* the plaintiff has, would be greatly lessened in value, if not rendered entirely worthless.

RODMAN, J. 1st. In this case the plaintiff alleges that he has paid the trustee the full amount of the trust debt, and

that he has purchased the equity of redemption of the bargainor, and that he is entitled to have a conveyance of the trust estate.

2d. The plaintiff further alleges that if he has not paid the whole of the trust debt, that he at least has paid a portion thereof, to-wit: the value of the Confederate money at the time of its payment.

The plaintiff further alleges that the *cestui que trusts* have required the trustee to proceed to make sale of the property, and that he fears the trustee will make the sale, unless restrained by injunction. The defendants deny the payment in full, but admit that the plaintiff is entitled to a credit for the value of the Confederate money at the time of its payment, and that he is entitled to a conveyance of the land upon the payment of the balance of the debt secured in the deed of trust.

Upon filing the complaint, the Court granted a restraining order; and upon a hearing after notice to the defendant, continued the injunction or restraining order until the final hearing of the case, and the defendant appealed.

We think his Honor is fully sustained in his ruling by the authorities cited by the learned counsel for the plaintiff.

No harm can result by continuing the order until the final hearing of the case; whereas, by permitting a sale great mischief might arise to one of the parties should they adhere to their present views, and the trust property be purchased by a stranger.

There is no error. This will be certified.

PER CURIAM.                           Judgment affirmed.