THOMAS B. LYON v. WILLIAM E. AKIN and wife LYDIA.

*Husband and Wife—Purchase of Real Estate with Wife's Separa'e Property—Resulting Trust.*

1. Where land is purchased by a husband with his wife's money the proceeds of the sale of her real estate, and title is taken to the husband alone, a resulting trust is created in favor of the wife, and a purchaser from the husband with notice stands affected by the same trust.

2. Where in an action to recover land, it appeared that the husband of the feme defendant had (before the enactment of Rev. Code, ch. 56,) purchased land partly with money arising from the sale of real estate belonging to his wife, and had taken title to himself, and thereafter conveyed the land to the plaintiff who purchased with notice of the wife's interest therein ; *It was held,* that the plaintiff was entitled to recover the possession of the land and its profits for the life of the husband, and in fee to the extent of the residue of the purchase money not the proceeds of the wife's land.

3. The Act of 1860, first extra session, ch. 16, (known as the first Stay Law) is unconstitutional and void.

(*Jones* v. *Edwards,* 8 Jones 336 ; *King* v. *Weeks,* 70 N. C. 372 ; *Maxwell* v. *Wallace.* Busb. Eq. 251 ; *Barnes* v. *Barnes,* 8 Jones 366 ; *Harrison* v. *Styres,* 74 N. C. 290 ; *Jones* v. *Crittenden,* 1 Car. Law Rep. 385 ; *Hoke* v. *Henderson,* 4 Dev. 1, cited and approved.)

CIVIL ACTION to recover Possession of Land, tried at Spring Term, 1877, of GRANVILLE Superior Court, before *Buxton, J.*

The defendant, Lydia, was one of the heirs at law of John Ferrill who died in 1846, seized of real estate which descended to Lydia and her brothers and sisters as tenants in common. The defendant W. E. Akin and the said Lydia intermarried in March, 1846, she being then seventeen years of age. In July, 1848, the husband purchased the land in suit for the sum of $218, taking to himself a deed in fee therefor; and in 1850, paying for it with his wife's money. Of this money, $150 was derived from the sale of her land for the purposes of partition among the tenants in common. On the 23rd of July, 1861, the husband conveyed this land to the plaintiff in mortgage to secure debts due to him. At the time the land was purchased by the defendant, and also at the time the mortgage deed was executed to him, the plaintiff had notice that the said land had been purchased and paid for by the defendant with the proceeds of the sale of the wife's land. The mortgage was not registered until August, 1869. The husband and wife had issue living. The mortgage was foreclosed in 1870, by a sale and the purchase of the land by the plaintiff who immediately went into possession and occupied the premises until 1875, when the defendants entered. The action is brought to recover the possession and damages.

His Honor gave judgment *non obstante veredicto* for the plaintiff and the defendants appealed.

*Messrs. Edwards & Batchelor* and *E. G. Haywood*, for plaintiff.

*Messrs. Busbee & Busbee*, for defendants.

Bynum, J. (After stating the facts as above.) The plaintiff is entitled to recover. When real estate belonging to an infant or feme covert has been converted into money by a sale under decree of Court for a division, the fund will continue to have the character of realty until a different

character is impressed upon it by some act of the owner.
*Jones* v. *Edwards*, 8 Jones 336.  And where land has been
purchased with the wife's money the proceeds of the sale of
her real estate, although the deed be taken to the husband
alone, a resulting trust is thereby created in favor of the
wife whose money paid for the land, and the purchaser from
the husband with notice stands affected by the same trust.
*King* v. *Weeks*, 70 N. C 372 ; *Maxwell* v. *Wallace*, Busb. Eq.
251 ; *Adams* Eq. 33.  The plaintiff therefore who thus pur-
chased from the husband with notice, thereby became a
trustee to the extent of the money thus furnished, and holds
the land just as the husband held it.  What then was his
interest in it?

It will be observed that the purchase by the husband was
in July, 1848, before Rev. Code, ch. 56, was enacted, where-
by all real estate belonging at the time of marriage to fe-
males, married since the third Monday of November, 1848,.
is prohibited from being sold or leased by the husband for
the term of his own life, or any less term of years, except by
and with the consent of the wife ascertained by her privy
examination.  The husband therefore by virtue of his marital
rights was seized of an estate during coverture, and by the
subsequent birth of issue became seized for his own life as.
tenant by the curtesy initiate.  His deed of mortgage and
the subsequent purchase by the plaintiff under the fore-
closure proceedings vested the plaintiff with the estate for
the life of the husband, and with a resulting trust at his
death to the wife, (or her heirs if she does not survive him)
to the extent of the purchase money she furnished.  The
plaintiff is therefore entitled to the possession of the land
and its profits for the life of the husband, and in fee to the
extent of the residue of the purchase money, not the pro-
ceeds of the sale of the wife's land.

.  It was further contended by the defendants, that the
mortgage to the plaintiff having been executed subsequent.

to the Act of May 11th, 1861, (known as the first Stay Law) was by § 7 of that Act made illegal and void. This section provided; "That all mortgages and deeds in trust for the benefit of creditors hereafter executed whether registered or not, and all judgments confessed during the continuance of this Act, shall be utterly void and of no effect."

The constitutionality of this Act came directly in question soon after its passage, in *Barnes* v. *Barnes*, 8 Jones 366, and it was held to be unconstitutional and void as to § 3, which forbids the trial of causes in the Courts of Justice. The reasoning of the Court was directed to the validity of the Act as an entirety, and since that decision, the whole Act has been treated as unconstitutional and void. It was certainly as incompetent for the Legislature to declare that a debtor should not pay his debt, or secure it by the transfer of property to the creditor, as to forbid a creditor to sue and recover judgment for his debt. See also *Harrison* v. *Styres*, 74 N. C. 290; *Jones* v. *Crittenden*, 1 Car. L. R. 385; *Hoke* v. *Henderson*, 4 Dev. 1.

No error.

PER CURIAM.                    Judgment affirmed.