## H. V. CUNNINGHAM v. B. W. BELL.

*Trust—Husband and Wife—Injunction.*

A husband, as agent for his wife, purchased for her a tract of land but gave his own note for the price and took the title in his own name. The greater part of the purchase money was paid out of the wife's funds, and the husband afterwards conveyed the land to his sons in trust for the wife ;

*Held,* That the wife was entitled to demand a conveyance to herself on the payment of the balance of the purchase money. and an injunction to restrain the vendor from selling the same under execution to satisfy an independent claim held by him against the husband.

*Dula* v. *Young.* 70 N. C., 450 ; *Dockery* v. *French,* 69 N. C., 308; *Lyon* v. *Akin,* 78 N. C., 258. cited and approved.)

MOTION to vacate an injunction heard at Fall Term, 1879, of MACON Superior Court, before *Graves, J.*

The material facts are that in August, 1875, D. C. Cunningham, the husband of plaintiff, as agent for her, purchased of defendant a house and lot in the town of Franklin, Macon county, at the price of twelve hundred dollars, payable in six equal annual instalments, it being left to the husband to manage the trade and have the title secured to her, as her sole and separate estate. On making the purchase the husband gave his own notes for the money and took a deed conveying title to himself, and at the same time re-conveyed the house and lot to defendant to secure the notes for the purchase money as they should fall due.

It is alleged in the complaint that the plaintiff sold a tract of land belonging to her in order to raise the money to pay for the town property, and that the notes secured by the mortgage had been very nearly all paid by her, and His Honor finds as a fact in the case of appeal made out by him, that the payments, so far as made were made *as agreed on* either by the plaintiff in person or by means furnished by her, or derived from her separate estate.

The husband, D. C. Cunningham, in 1876, executed a deed purporting to convey the said house and lot to two of the sons of the marriage in trust for the plaintiff, and she now occupies the same and has so done ever since the purchase but recently the defendant has sued out an execution on a judgment he had against D. C. Cunningham in 1870, for a debt other than the one secured by the mortgage, and is now threatening to sell thereunder the equity of redemption in said land as belonging to D. C. Cunningham.

This action is brought by the plaintiff to redeem the land on the payment of whatever sum may be due on the mortgage, and praying to have the title thereof conveyed to her, and pending the suit to restrain the defendant from selling any supposed interest of D. C. Cunningham therein.

Upon the plaintiff's application, the judge granted an injunction as prayed for, with an order to show cause, and at the day appointed, on motion of defendant on answer filed, His Honor vacated the injunction, and from that order the appeal is taken.

*Messrs. Reade, Busbee & Busbee* and *T. F. Davidson,* for plaintiff.

*Messrs. Merrimon, Fuller & Fuller,* for defendant.

DILLARD J.   It is unnecessary to recite or refer to any of the particular averments of the answer of defendant as bearing upon the question of the legal correctness of the order vacating the injunction, inasmuch as our opinion proceeds upon the facts above enumerated, taken from the judge's statement of the case and from the allegations of the complaint not controverted, or at least not denied from any knowledge to the contrary on the part of the defendant.

The plaintiff, if the land was purchased for her and to be paid for by her, and if the same had been paid for in whole or part by her means, had an equity on extinguishing the

purchase money to have a trust declared of the legal title to her use and to have a conveyance of the same to her in fee. Adams' Eq., 33, 34; *Dula* v. *Young*, 70 N. C., 450; *Lyon* v. *Akin*, 78 N. C., 258.   Here, the judge finds as a fact that the payments on the purchase money secured by the mortgage, so far as made, were made by the plaintiff *as agreed on by means furnished by her or derived from her separate property.* And thereby an equity arose to the plaintiff *pro tanto* her payments, and will arise *in toto* on full payment, to have the trust declared and enforced in her favor against the defendant, the mortgagee of the legal estate; and this equity to redeem and have the title is such an interest as entitles her by the well established principles of equity to be heard in its assertion on her original right, accruing from her money paid, independently of any interest she may have as *cestui que trust* in the equity of redemption conveyed by D. C. Cunningham to the two sons in trust for plaintiff in 1876. 2 Spence's Eq., 660.

Our case then is the same as a bill in equity constituted in court by a person competent to redeem, and against the mortgagee holding the legal title; but defendant combats plaintiff's right and justifies the vacation of the injunction on the ground that if he is allowed to sell the supposed equity of redemption of D. C. Cunningham, the purchaser will acquire only such equity as he may have in subordination to the older and superior equity of the plaintiff, if such she have; and in such case he insists a court of equity would not have interfered, nor ought our present superior courts to restrain his execution, but leave the purchaser thereunder and the plaintiff to settle their conflicting equities by subsequent action.

The position of defendant is certainly correct, that the court ought not, as assuredly it would not, enjoin a sale under defendant's execution, if under it merely a case of conflict of legal titles was created, for the reason as held by

us in the case *Southerland* v. *Harper, ante,* 200. A court of law formerly by ejectment, and our present superior courts, by action to recover real property under the code, would be perfectly competent to pass upon such titles. But the claim of the plaintiff to redeem is a mere equity and this action is brought for its assertion, and now if defendant against whom the right is claimed is allowed to sell the supposed equity of redemption of D. C. Cunningham in the land, the purchaser under his sale can at most only claim an equity, and thus a new rival interest will be created by a party to the cause outside of the cause, complicating the matters in litigation and obstructing the jurisdiction of the court. We understand the rule to be that when a cause is duly constituted in a court of equity, that court will make a complete and final determination of all rights affecting the subject matter of the action, and to this end will require of the parties to set up all their rights, whether equitable or legal, so as to be bound by the decree, and will restrain any act of a party tending needlessly to increase the complications of the controversy. And hence in the present action it was proper to have compelled the defendant already before the court to set up his claim in the alleged equity of redemption of D. C. Cunningham under the lien of his judgment, and thus to have prevented an obstruction to the court.

The propriety of restraining a sale under the circumstances of this case is not only commended by considerations of conscience, but it is fully established and sanctioned by the authority of the case of *Dockery* v. *French,* 69 N. C., 308, which is similar to our case in all its features. There, one Morrisey executed a deed conveying land to French as trustee to secure a creditor his debt and to indemnify him against a suretyship for the trustor, and after the debts were paid as claimed by Morrisey, he sold and conveyed by deed to Dockery without having had a reconveyance of the legal

title from French, and subsequently to this the trustee having advertised to sell the land, Dockery brought his action to redeem, and for the conveyance of the legal estate; and pending the action the sale under the trust was enjoined, and this court held it proper on the ground that by it no harm would result to any one, and without it much mischief might ensue to the party claiming the right to redeem.

We think therefore the court should not have dissolved the injunction but continued it to the hearing, as it will be · perfectly competent to the court at the end to adjudge between the equity claimed by the plaintiff and that claimed by the defendant by virtue of his judgment lien on the supposed equity of redemption of D. C. Cunningham; provided however, that the husband of the plaintiff and the two sons to whom he conveyed the equity of redemption in 1876, shall be brought in as parties so as to have a final determination of all rights.

There is error and this will be certified that the injunction may be continued and the cause in other respects conducted in conformity to this opinion.

Error.                                        Reversed.