This is an action brought by plaintiff against the defendant to restrain her from cutting timber. The plaintiff contends that he was owner in fee of a certain tract of land subject to the life estate of the defendant.
The defendant set up in her answer: "That at the time the land was *Page 568 
purchased, it was agreed between the answering defendant and Junius H. Raynor, that the deed should be made to this answering defendant, conveying the said land to her in fee simple; that the said funds were entrusted by this answering defendant to Julius H. Raynor, as a trustee for her; that the said lands were conveyed to Julius H. Raynor and this answering defendant for life and then to Roger M. Wise, that the said Julius H. Raynor and Roger M. Wise, held any and all interest in the said lands, as trustee for this answering defendant." The deed was made 30 November, 1901, by Zilphia C. Boyette to Julius H. Raynor and Dary A. Raynor, his wife. It contains the following: "The condition of this deed is such that after the death of the said Julius H. Raynor and wife, Dary A. Raynor, the title to the said hereby conveyed lands is to be vested in Roger Wise, the son of Dary A. Raynor, and the lawful heirs of his body. . . . To have and to hold, the aforesaid tract of land and all privileges and appurtenances thereunto belonging to the said Julius H. Raynor and wife, Dary A. Raynor, during their lives, and then to the said Roger Wise and heirs of his body, to their only use and behoof."
The prayer of the answer was to the effect that the plaintiff be declared a trustee of a parol and resulting trust for the cestui que trust, the defendant. The plaintiff replied and as a defense set up that the land was paid for solely by Julius H. Raynor, and further pleaded the statute of limitations. The restraining order was continued until the hearing. Julius H. Raynor died 17 January, 1927. The present action was instituted 2 January, 1930.
The issues submitted to the jury and their answers thereto, were as follows:
"1. Did the defendant, Dary A. Raynor, furnish the money for the purchase of the land described in the pleadings and was deed therefor taken in name of Julius H. Raynor and Dary A. Raynor for their lives, with remainder to plaintiff, Wise, without the knowledge and consent of said Dary A. Raynor, as alleged in the answer? Answer: Yes.
2. Is the claim of Dary A. Raynor, barred by the statute of limitations? Answer: No."
The plaintiff made numerous exceptions and assignments of error, and the material ones and necessary facts will be considered in the opinion.
In Perry on Trusts and Trustees, Vol. 1, 7th ed. (1929), part sec. 126, p. 186, speaking to the subject of resulting trusts, *Page 569 
citing a wealth of authorities, we find: "Where, upon a purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration or a part of it is given or paid by another, not in the way of a loan to the grantee, the parties being strangers to each other, a resulting trust immediately arises from the transaction (unless it would be enforcing a fraud to raise a resulting trust), and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds." Part sec. 144, p. 234: "Probably there is no such presumption when a wife turns over property to her husband to be used by him in purchasing a definite piece of property. The natural presumption would usually be that she intended that he should act as her agent in acquiring the property and a trust would result if he took title in his own name." Part sec. 141, p. 225-6: "Courts will not enforce a resulting trust after a great lapse of time, or laches on the part of the supposed cestui que trust, especially when it appears that the supposed nominal purchaser has occupied and enjoyed the estate. But if the trust is admitted, and there has been no adverse holding, lapse of time is no bar." Note 1: "Joint occupation by husband and wife is not ordinarily adverse to either's claim of a resulting trust." Miller v. Baker, 160 Pa. St., 172; 166 Pa. St., 414; Berry v. Weidman,40 W. Va. 36; Fawcett v. Fawcett,85 Wis. 332.
In the present action the deed, in the premises, says: "To her (the grantor) paid by the said Julius H. Raynor and wife, Dary A. Raynor"; and the habendum clause: "To have and to hold, the aforesaid tract of land and all privileges and appurtenances thereunto belonging to the said Julius H. Raynor and wife, Dary A. Raynor, during their lives, and then to the said Roger Wise and heirs of his body, to their only use and behoof."
In the case of Deese v. Deese, 176 N.C. at p. 527-8, is the following: "This is an action brought by Annie M. Deese against Jesse M. Deese, her husband, to declare him a trustee of a tract of land, the purchase money of which was paid by Annie M. Deese, but the title to which was taken to Jesse M. Deese and Annie M. Deese. . . . The jury, finding, by consent, that the land was purchased with the separate property of Annie M. Deese, which had been derived from the sale of land belonging to her, there was a resulting trust in favor of the wife. Lyon v. Akin, 78 N.C. 258; Cunningham v.Bell, 83 N.C. 330. Even when the wife furnishes the purchase money and requests that the deed be made to her husband there is still a resulting trust to her. Sprinkle v. Spainhour, 149 N.C. 223, which says: `It is one of the essentials of the peculiar estate by entireties sometimes enjoyed by husband and wife that the spouses be jointly entitled as well as jointly named in the deed. Hence, if the wife alone be entitled to a conveyance, and it is made to *Page 570 
her and her husband jointly, the latter will not be allowed to retain the whole by survivorship. And it matters not if the conveyance is so made at her request, because being a married woman she is presumed to have acted under the coercion of her husband.'"
In Tire Co. v. Lester, 190 N.C. at p. 416, we find: "The payment of the purchase money raises a resulting trust in favor of him who `furnishes' or `pays' or `owns' the purchase money, unless a contrary intention, or a contrary presumption of law, prevents. (Citing numerous authorities.) This trust arises between husband and wife, in favor of the wife, when land was deeded to both husband and wife (citing numerous authorities)."
In Carter v. Oxendine, 193 N.C. at p. 480: "It is thoroughly established by law in this State that if a husband conveys land to his wife, or procures the title to be made to her by another, that the law presumes it is a gift to the wife. Singleton v. Cherry, 168 N.C. 402;Nelson v. Nelson, 176 N.C. 191; Tire Co. v. Lester, 190 N.C. 416."Crocker v. Vann, 192 N.C. at p. 429; Wallace v. Phillips, 195 N.C. at p. 670.
26 R.C.L., part sec. 76, p. 1230: "A resulting trust may be established by parol evidence, even in direct contradiction of a warrant, patent, or deed. Resulting trusts are generally specifically excepted from the operation of the statute of frauds or statute of trusts and uses." Part sec. 75, p. 1229: "As a general rule, declarations made by a person in possession of real estate, as to his interest or title in the property, may be given in evidence against those who subsequently derive title under him, in the same manner as they could have been used against the party himself if he had not parted with his possession or interest. On the other hand it is equally well settled that no declarations of a former owner of the property, made after he had parted with his interest therein, can be received in evidence to affect the legal or equitable title to the premises. These rules are applicable to resulting trusts. . . . While evidence used to establish a resulting trust must be of facts and statements of the parties, which happened or were made contemporaneously with the purchase, an exception to this rule is that the declarations of the trustee may be received in evidence, if made at any time, to establish such a trust."
In Norton v. McDevit, 122 N.C. at p. 758, we find: "On the trial the plaintiff proposed to prove by one Tredway that he heard Mary, the mother of plaintiff, say that she was holding the land for her children. This was objected to by defendant and excluded by the court. We do not see why this evidence was not competent, being a declaration while in possession, explaining the manner in which she was holding the land — she being the party under whom defendant is claiming." We further find in this case at pp. 758-9: "This is not what is known *Page 571 
as an express trust, against which the statute will not run until the trust is broken. Hodges v. Council, 86 N.C. 181; Hamlin v. Mebane, 54 N.C. 18; 2 Pomeroy Eq. Juris., secs. 988, 989, 991. Lewin on Trusts, sec. 886;Wright v. Cain, 93 N.C. 296. But it is a trust created by implication of law against which the statute may run. 2 Lewin, supra, 864; 1 Lewin, supra, 180; 1 Pomeroy, supra, sec. 155. But the plaintiff alleges that she has been in possession of this land or some part of the same all the time, since the date of the purchase and deed to her mother. If this is true, no statute has run against her, as the statute does not run against a cestuique trust in possession. Stith v. McKee, 87 N.C. 389; Mask v. Tiller,89 N.C. 423." Spence v. Pottery Co., 185 N.C. 218.
It is well settled, as stated in Harris v. Harris, 178 N.C. (quoting from Summers v. Moore, 113 N.C. 394), at p. 11: "In such case the burden is upon him who claims the resulting trust, and as the law gives a peculiar force and solemnity to deeds, it will not allow them to be overthrown by mere words but only by facts strong, clear and unequivocal."
In the present action there was evidence, not only of a resulting trust by reason of defendant's advancing the purchase money, but of an agreement between she and her husband that the deed should be taken in her name. We set forth the law fully as applicable to the facts in this action.
The questions contended by plaintiff involved in the appeal:
1. Did the court err, in permitting the defendant to testify that she, in the presence of Julius H. Raynor, her husband (the plaintiff being a small boy and taking no part in the purchase of the land), directed the draftsman of the deed to make the deed to herself? We think not.
In Perry on Trusts and Trustees, supra, part sec. 138, p. 222, is the following: "It has been stated by some writers that after the death of thesupposed nominal purchaser, parol proof alone could not be admitted to control the express declaration of the deed; but the cases relied upon are the cases before cited on the point that parol proof is inadmissible, both before and after the death of the supposed nominal purchaser. These cases are overruled and it would seem upon principle that the death of the nominal purchaser cannot affect the admissibility of parol testimony, whatever effect it may have upon its weight."
The defendant testified: "I went with my husband to see about buying the land from Zilphia C. Boyette, who lived about 20 miles from our home. I was present when the deed was delivered. I paid the money. The deed was to be made to me. I told my husband to have it made to me. The deed was drawn by Bill Rose. Q. Did you tell him (Bill Rose) to whom the deed was to be made? To the foregoing question the *Page 572 
plaintiff objected; objection overruled; plaintiff excepted. A. Yes, sir. I told him to make the deed to me, I could not, at the time, read or write, and never have been able to read or write or to sign my name. The first time that I knew the deed was not made to me was when I went to sell the timber last fall." The deed recites that the purchase money was paid by both Raynor and his wife. The testimony, as set forth, was a statement made contemporaneously, all the parties interested in the transaction being present, including the draftsman and presumably acting for both parties. The testimony was competent.
2. Did the court err in permitting the witness, Surles, a disinterested third party, to testify as to a conversation with Julius H. Raynor, a grantee in the deed in which Raynor stated that the defendant paid the entire purchase price of the land? We think not.
The testimony, in part, was as follows: "They were married when I was talking with them about the land, said this land they bought from Mrs. Boyette that she paid her own money for it. Mr. Raynor and Mrs. Raynor both told me that day together; said she raised hogs and chickens and stuff and paid for that land herself; that is what they told me. At that time they were living on this land. I knew her prior to her marriage, and she worked in the field, and raising hogs and chickens and stuff like that all the time."
The court below allowed this evidence to corroborate the defendant. We can see no error in this. The parties were living on the land at the time and the evidence was, in substance, the same as testified to by defendant.Harris v. Harris, 178 N.C. 7.
3. The issue in the case being the execution of a deed in 1901, did the court err in permitting the witness, Brafford, to testify that the defendant, Raynor, "looked after" her husband for a few years prior to his death in 1927? There is no merit in this contention.
This was asked on cross-examination. Bradford on examination, among other things, testified: "Ever since I have known her she always had a little money. Of course, I have only known her since she was married to Mr. Raynor. I know that Mr. Wise employed my mother to wait on his mother while she was sick. Both I and my mother have worked there looking after Mr. and Mrs. Wise." The direct examination indicated impeachment of defendant for neglect of her husband, and plaintiff had to employ witness and his mother to look after them. The cross-examination was directed to show that the defendant performed this duty and looked after her husband and to negative implication of neglect on her part when she had money to do so. The evidence was of little import. The answer from Bradford was "Well she did all she could." We think it competent and at least not harmful. *Page 573 
4. Did the court err in charging the jury that the determination of the first and principal issue of the case depended on an application of the doctrine of the resulting trusts? From the authorities set forth above, we think the court below unquestionably correct in the charge.
The court might have gone further, as there was evidence not only that defendant's money went into the land, but there was evidence to the effect that it was agreed that the deed should be made to defendant, and the draftsman at the time was instructed by defendant to make the deed to the defendant. We do not understand that a married woman is under the same legal obligation to provide for her children as the husband to his wife and children — the husband is under compulsion of law to support the wife and children. In fact, defendant being a married woman at the time, she could not convey her land to her husband without complying with C. S., 2575. Nor can a feme covert create a parol trust in land — to do so would be to avoid the Constitution and statutes made to protect her. The Constitution and statutes require that in order to convey land the written assent of the husband is required and her privy examination, as required by the statutes, are essential. Carter v. Oxendine, 193 N.C. at p. 480.
5. Did the court err in giving to the jury conflicting instructions relative to the statute of limitations?
The defendant was the cestui que trust, in possession and the statute under the facts and circumstances of this case did not bar her. Nortoncase, supra.
In Marshall v. Hammock, 195 N.C. at p. 501, we find: "As a rule lapse of time is not a bar as between trustee and cestui que trust, but if the former, with knowledge of the latter disclaims the trust either expressly or by acts which necessarily imply a disclaimer, the unbroken possession follows in the trustee or in those claiming under him, for a period equal to that prescribed in the act of limitation to constitute a bar, the lapse of time under such circumstances may be relied upon as a defense. Coxe v.Carson, 169 N.C. 132. . . . (p. 502.) We have held that an action to have a party declared a trustee is barred by the lapse of ten years. Hospital v.Nicholson, 190 N.C. 119; Sexton v. Farrington, 185 N.C. 339." SeeNissen v. Baker, 198 N.C. 433; Sorrell v. Sorrell, 198 N.C. 460.
The present action was brought within three years after the death of Raynor. Defendant in this action set up defense of resulting trust. Defendant testified: "The first time that I knew the deed was not made to me was when I went to sell the timber last fall." Defendant had been in the possession of the land in controversy. Neither did the *Page 574 
three or ten-year statute bar her under the facts and circumstances of this case. If the charge was conflicting, it was harmless.
The learned judge in the court below tried the case with his usual care. In the charge to the jury, he explained the law arising on the facts fully, clearly and accurately. We find
No error.