RETA R. BULLMAN v. E. R. EDNEY, TRADING AND DOING BUSINESS AS VALLEY SPRINGS MOTOR COMPANY.

(Filed 11 October, 1950.)

**1. Property § 2b—**

Ownership of personalty is a mixed question of law and fact, and it is only when the facts are not in dispute that the question of title is one of law for the court.

**2. Tenants in Common § 2: Husband and Wife § 13a—**

Where husband and wife purchase an automobile, each paying a part of the purchase price or promising to pay such part, they become tenants in common therein in the proportion which the amount paid, or agreed to be paid, by each bears to the entire purchase price.

**3. Tenants in Common § 10—**

Where one tenant in common in personalty sells the chattel, he can convey only his interest therein in the absence of estoppel, and his purchaser becomes a tenant in common with the one who has not sold his interest.

**4. Trusts § 4b—**

Where each of two parties supplies a part of the purchase price and title is taken solely in the name of one of them, a resulting trust arises in favor of the other, and this rule applies to personalty as well as realty.

**5. Tenants in Common § 10—**

While one tenant in common may not maintain an action in the nature of trover against his co-tenant, where one tenant exercises dominion over the property in direct denial of or inconsistent with the rights of the other, or consumes or sells the personalty, the other tenant may maintain an action for conversion.

APPEAL by plaintiff from *Hatch, Special Judge,* at July "A" Term, 1950, of BUNCOMBE.

Civil action to have plaintiff declared the owner, and entitled to the possession of a certain automobile allegedly purchased by plaintiff and her husband from defendant, etc., and in possession of defendant at time of the institution of the action.

Plaintiff alleges in her complaint, briefly stated, these facts: That on or about 7 May, 1949, her father and her husband looked at a certain Ford automobile owned by and in possession of defendant and purchased same from defendant, with the understanding that title would be placed in the name of plaintiff as she was paying $500.00 of the purchase price; that plaintiff and her husband purchased said automobile from defendant for cash consideration of $800.00, and defendant was then and there notified that plaintiff was paying $500.00 in cash and that her husband agreed to pay the balance, and that defendant was instructed by plain-

tiff's father, and he agreed to place title to said automobile in the name of plaintiff; that defendant to the contrary thereof placed title to said Ford automobile in the name of plaintiff's husband, and for reasons unknown to the plaintiff now has said automobile in his possession; and "that by reason of said contract and agreement made between the plaintiff and defendant to place the title to said Ford automobile in the name of the plaintiff, and the breach of said contract by the defendant, the plaintiff is entitled to immediate possession of and/or lien on and against said Ford automobile in the sum of $500.00 and the cost of this action; and in the event that said automobile does not bring a sufficient sum to satisfy said lien the plaintiff is entitled to judgment against the defendant for any deficit."

Plaintiff prays judgment against defendant, briefly stated : That the court hold and declare plaintiff the owner, and entitled to possession of the Ford automobile; that defendant be required to make and deliver title to plaintiff; that the Ford be sold to satisfy the $500; that plaintiff have judgment against defendant for any deficit; and "for such other and further relief as said plaintiff may be entitled in said cause."

Defendant, answering, denies the material allegations of the complaint, and avers that Donald L. Bullman purchased the Ford automobile, and that he, the defendant, sold and delivered same to him at the selling price of $800.00.

Upon the trial in Superior Court plaintiff offered evidence tending to support the allegations of her complaint. On the other hand, defendant offered evidence tending to contradict the allegations of plaintiff's complaint, and the evidence offered by plaintiff, and to show : That defendant, Donald Bullman, plaintiff's husband, purchased the Ford automobile in question, and paid $500 cash, as down payment, on 7 May, 1949, and financed the balance of $300 at an Industrial Bank on 9 May, 1949,—giving a chattel mortgage on the Ford as security therefor; that he, the defendant, put the title in Donald Bullman's name; that he endorsed the papers; that Donald Bullman failed to make payments to the Bank, and he, the defendant, paid off the Bank, and swapped Bullman a motorcycle for his equity in the car.

The record shows that when plaintiff first rested her case, defendant moved for judgment as of nonsuit; that the motion was denied; and that motion of defendant made at the close of all the evidence for judgment as of nonsuit was allowed, and plaintiff excepted.

The parties stipulated that summons in this action was regularly issued on 18 July, 1949; "that the clerk issued claim and delivery proceedings for said 1939 Ford automobile and defendant posted bond and has since sold said automobile"; and that the summons and claim and delivery proceedings need not be printed or made a part of this record on appeal.

Judgment as of nonsuit was signed by the court, and plaintiff appeals to Supreme Court and assigns error.

*Cecil C. Jackson for plaintiff, appellant.*
*Geo. F. Meadows for defendant, appellee.*

WINBORNE, J.　Ownership of personal property, when challenged, is always a mixed question of law and fact.　If the facts are not in dispute it becomes a question of law for the court.　But if they be in dispute, the question is left to the jury under proper instructions by the court upon the law.　42 Am. Jur. 218, Personal Property 41.　Applying these rules to the evidence offered on the trial of present action, in Superior Court as shown in the record on this appeal, the facts being in dispute, the question of ownership of the automobile involved should have been submitted to the jury under proper instruction by the court upon the applicable principles of law.

In this connection it must be borne in mind that plaintiff alleges that she and her husband purchased the automobile in question from defendant for the consideration of $800.00, of which she paid $500.00 in cash and her husband agreed to pay the balance.　If this allegation be true, as plaintiff's evidence tends to show, plaintiff and her husband became co-owners of, or tenants in common in the ownership of, the automobile, nothing else appearing, in the proportion the amount each paid, or agreed to pay, bears to the whole purchase price.　And while "one who owns an undivided interest in a chattel may sell such interest and thereby render the buyer a tenant in common with the other co-owners, . . . one co-tenant cannot convey any greater title or interest than he has, except where the conduct of the co-tenant estops him from asserting title against the innocent buyer."　See 46 Am. Jur. 217—Sales 22.

And it is a well settled principle that where, on the purchase of property, the conveyance of the legal estate is taken in the name of one person, but the purchase money is paid by another at the same time or previously, and as a part of one transaction, a trust results in favor of him who supplies the purchase money.　*Beam v. Bridgers,* 108 N.C. 276, 13 S.E. 112.

This principle has been frequently applied where land is purchased with funds arising from the separate estate of the wife.　*Lyon v. Aiken,* 78 N.C. 258; *Cunningham v. Bell,* 83 N.C. 328; *Hackett v. Shuford,* 86 N.C. 144; *Beam v. Bridgers, supra.*　See also Annotation 113 A.L.R. 339; 54 Am. Jur. 158, Trusts 203; 28 Am. Jur. 730, Husband and Wife 104.　Compare *Bass v. Bass,* 229 N.C. 171, 48 S.E. 2d 48.

In *Lyon v. Aiken, supra,* the opinion is epitomized by this headnote: "Where land is purchased by a husband with his wife's money . . . and

title is taken to the husband alone, a resulting trust is created in favor of the wife, and a purchaser from the husband with notice stands effected by the same trust."

The principle of resulting trusts applies alike to transactions relating to both real and personal property. 54 Am. Jur. 158, Trusts 203.

Moreover, if a tenancy in common in the automobile was created, and existed between plaintiff and her husband, and defendant "stands in the shoes" of the husband, and the automobile be available therefor, there is provision by statute, G.S. 46-44, as amended by Chapter 719, Section 2 of 1949 Session Laws of North Carolina, for a sale of it for partition among the parties interested. Ordinarily a tenant in common in personalty is entitled to partition of the property. *Chadwick v. Blades,* 210 N.C. 609, 188 S.E. 198. But since the matters to which the stipulation of the parties relate are not set out in the record, what would be the rights of the parties in respect of partition of the property, if plaintiff be a tenant in common therein, is not determinable on the record as it now appears. However, if plaintiff prevail in establishing an interest in the automobile, and if, as stipulated by the parties, the automobile be not available for sale for partition, and the rights of the parties be not otherwise provided for in the "bond posted" by defendant, the evidence contained in the record tends to show facts which would support a claim for conversion.

In this connection, the principle is clearly stated in *Waller v. Bowling,* 108 N.C. 289, 12 S.E. 990, in opinion by *Avery, J.,* in this manner: "A tenant in common of a chattel cannot maintain an action of, or in the nature of trover against his co-tenant upon the ground merely that his demand for possession of the common property has been refused by the latter, unless he can show that the co-tenant has subsequently consumed or placed it beyond recovery by means of legal process (citing cases). But where the tenant in possession of personal chattels withholds the common property from his co-tenant, or wrests it from him and exercises a dominion over it, either in direct denial of or inconsistent with the rights of the latter, an action will lie for conversion," citing cases. See also *Doyle v. Bush,* 171 N.C. 10, 86 S.E. 165; *Barham v. Perry,* 205 N.C. 428, 171 S.E. 614.

In the light of these principles, it is appropriate that plaintiff amend her complaint to conform to the evidence.

The judgment below is
Reversed.