LUCY LONG v. J. FRANK EDDLEMAN

No. 7419DC451

(Filed 5 June 1974)

**Estates § 9; Tenants in Common § 1— personal property — husband and
wife — money advanced by wife — no tenancy in common** `

> In an action to recover one-half the proceeds received by defend-
> ant, plaintiff's former husband, from the sale of cattle, a tractor and
> two trailers following separation of the parties, plaintiff's evidence
> was insufficient to establish that such personal property was owned
> by plaintiff and defendant as tenants in common where it showed
> at most that she advanced funds to defendant which he used to pur-
> chase the property, it being presumed that there was a loan if the
> husband received and used his wife's money.

APPEAL by defendant from *Warren, Judge,* 20 November
1973 Session of District Court held in CABARRUS County.

Prior to the institution of this action, the parties had been
married to each other, but were divorced. Plaintiff brought the
action to recover $3,100, representing one-half of the proceeds re-
ceived from the sale of personal property by defendant, follow-
ing the separation of the parties. Plaintiff alleged that the
property was held as tenants in common. From judgment entered
upon a jury verdict in favor of plaintiff, defendant appealed.

*Davis, Koontz & Horton, by K. Michael Koontz, for plaintiff
appellee.*

*Thomas K. Spence for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the court to
grant his motion for judgment notwithstanding the verdict, and
certain portions of the court's charge to the jury. We find it
necessary to consider the first assignment only.

On a motion for judgment notwithstanding the verdict, the
sufficiency of the evidence is drawn into question and the court
must view the evidence in the light most favorable to the non-
movant. *Investment Properties v. Allen,* 281 N.C. 174, 188 S.E.
2d 441 (1972). The evidence in this case, viewed in the light
most favorable to plaintiff, shows:

Plaintiff and defendant were husband and wife for seven-
teen years. On 18 October 1971, they separated from each other

and thereafter were divorced. Following the separation, defendant sold four cows, three calves, a breeding bull, a 1968 Massey-Ferguson tractor, a trailer for hauling a tractor, and a trailer for hauling cattle. While they were married and living together they had two joint checking accounts to which both made contributions. The property in question was paid for, in part, from monies from the joint accounts. Plaintiff "gave" defendant money for parts and materials for the trailers, for payments on the tractor, and for the cattle. She did not sign any note in connection with the purchase of the tractor, and any obligations on any notes so connected were defendant's. She did not participate in the actual buying of any of the cattle nor did she sign any notes or checks for the cattle. Defendant sold the tractor and trailers for $4,400; he sold the cattle, the value of which was $1,700. Plaintiff has received no money from the sale of this property.

Plaintiff's theory is that the property was owned by plaintiff and defendant as tenants in common. Generally, a tenancy in common in personal property is created in one of two ways: (1) there is concurrent ownership under circumstances which do not either expressly or by necessary implication call for some other form of cotenancy, i.e., a conveyance to two people with nothing else appearing; or (2) where the circumstances, expressly or by necessary implication, call for a tenancy in common. See 86 C.J.S., Tenancy in Common, § 7. Also *Insurance Company v. Davis*, 68 N.C. 17 (1873).

Plaintiff cites *Bullman v. Edney*, 232 N.C. 465, 61 S.E. 2d 338 (1950), for authority for her position. We think the cases are distinguishable. In *Bullman*, the husband and wife purchased an automobile from the defendant with the understanding that the title would be placed in her name, as she was paying $500 of the $800 purchase price. Defendant was notified that the wife was making this payment and defendant-vendor was instructed by the wife to place title in her name. Clearly, in *Bullman*, there is evidence that the wife was acquiring an interest in the property. The wife was to hold title, her interest in fee simple, and the interest of her husband in trust. In the present case there is no showing that at the time of acquisition, plaintiff was to hold any interest in the property. She took no part in any transactions, signed no notes, and asserted no property rights.

The evidence shows at most that plaintiff advanced funds to her husband which he used to purchase personal property. In

the absence of proof that a gift was intended, it is presumed there was a loan if a husband receives and uses his wife's money. 2 Lee, North Carolina Family Law, § 110, p. 41 (1963) ; *Etheridge v. Cochran,* 196 N.C. 681, 146 S.E. 711 (1929) ; and *Bowling v. Bowling,* 252 N.C. 527, 114 S.E. 2d 228 (1960). Therefore, it would appear that, under the facts of this case, plaintiff's only possible recourse would be an action for debt. Plaintiff failed to show any conveyance creating concurrent ownership, or any circumstances calling for a tenancy in common.

We hold that defendant's motion for judgment n.o.v. should have been granted.

Judgment reversed and cause remanded for proper judgment.

Chief Judge BROCK and Judge CAMPBELL concur.