BARBARA PORTER WARD v. VIRGIL VAUGHN WARD AND EUGENE
McKEITHAN

No. 8113DC943

(Filed 18 May 1982)

1. **Husband and Wife § 15.1— husband's right to rents and profits from farmlands**

    Plaintiff wife's testimony that defendant husband told her when they bought farmland that "while we were young we were going to clear the land and have it paid for so that when we got older that would be our future" was insufficient to show an express or implied agreement that plaintiff was entitled to share in the rents and profits received for jointly owned property during the marriage, and the husband was not required to account to plaintiff for rents received from farmland owned by the parties as tenants by the entirety during the marriage.

2. **Husband and Wife § 3.1— wife not entitled to interest in stock**

    Plaintiff wife's testimony that stock in an insurance company was acquired during her marriage to defendant and that they "went together and bought it" was insufficient to entitle plaintiff to half of the shares of the stock.

3. **Husband and Wife § 3.1— interest of wife in personalty—sufficiency of evidence**

    Plaintiff wife's evidence was sufficient for the jury to find that she was entitled to an interest in farm equipment and household goods purchased by the parties during their marriage where it tended to show that plaintiff wife and defendant husband each paid a part of the purchase price of the farm equipment and household goods.

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 19 May 1981 in District Court, COLUMBUS County. Heard in the Court of Appeals 27 April 1982.

Plaintiff and defendant Ward were married in 1957, separated on 15 February 1978 and divorced on 24 May 1979. Plaintiff brought this action on 13 November 1980 seeking: (1) a division of personal property acquired during the marriage to defendant Ward pursuant to an implied agreement that the parties would share equally in the profits gained by their individual and combined business efforts as well as by individual and combined assets (first cause of action); (2) one-half of the net rents for 1978, 1979 and 1980 from jointly held farmland and for reimbursement of one-half of the insurance paid by plaintiff for 1980 (second cause of action); (3) a division of shares of stock of Combined Insurance Company (third cause of action); and (4) an accounting of

the proceeds of the jointly held property leased to defendant McKeithan for 1978, 1979 and 1980 by defendant Ward (fourth cause of action). The trial court granted defendant's motions for directed verdict at the conclusion of plaintiff's evidence on plaintiff's first and third causes of action, and on plaintiff's second cause of action for all rents accruing prior to the date of divorce. From this judgment plaintiff appealed.

*Ralph G. Jorgensen for the plaintiff-appellant.*

*No counsel appeared for defendant-appellee Ward on this appeal.*

MARTIN (Robert M.), Judge.

Plaintiff contends that the trial court erred in directing the verdicts for defendant Ward. Our Supreme Court in *Kelly v. Harvester Co.*, 278 N.C. 153, 158, 179 S.E. 2d 396, 398 (1971) stated the test for allowing a directed verdict:

> On a motion by a defendant for a directed verdict in a jury case, the court must consider all the evidence in the light most favorable to the plaintiff and may grant the motion only if, *as a matter of law*, the evidence is insufficient to justify a verdict for the plaintiff. (Citation omitted.)

Considering plaintiff's second and third causes of action first, we find that the trial court properly granted defendant's motions for directed verdict.

[1] It is well-settled in North Carolina that during the existence of a tenancy by the entirety, the husband has the absolute and exclusive right to the control, use, possession, rents, income and profits of the land. 2 R. Lee, N.C. Family Law § 115 (4th ed. 1980). The husband does not have to account to his wife for the rent and income received from the property. *Board of Architecture v. Lee*, 264 N.C. 602, 142 S.E. 2d 643 (1965). In the case at bar, as a matter of law defendant husband did not have to account to plaintiff for the rents received from the farmland owned as tenants by the entirety during the parties' marriage. Plaintiff testified as follows: "Virgil told me when we bought the farms that they were for our future. That while we were young we were going to clear the land and have it paid for so that when we got older that

would be our future." Considering this testimony in the light most favorable to plaintiff, it is insufficient to show an express or implied agreement that plaintiff is entitled to the rents received for the jointly owned property during the marriage. The husband, therefore, was legally entitled to those rents. *Id.* Thus, the trial court's entry of a directed verdict was proper.

[2] In her third cause of action plaintiff sought one-half of the value of the stock in the Combined Insurance Company held in defendant's name. Plaintiff's only evidence was that the stock was acquired during the marriage and that they "went together and bought it." Considering this evidence in the light most favorable to plaintiff, as a matter of law the evidence is insufficient to justify a verdict for plaintiff. *Kelly v. Harvester Co., supra.*

[3] Plaintiff in her first cause of action sought one-half of personal property acquired during the marriage or one-half of its value of $43,760.00. This property consisted primarily of farm equipment and household goods, and all the property was financed by Southeast PCA where both plaintiff and her husband had signed the notes. Plaintiff testified as follows:

> The property was financed at the PCA and she and her husband both signed the Notes at the PCA. We both paid the loan and Notes off. The payments made on the farm equipment and household goods in 1978 were $1,103.09 on interest and $11,595.18 on principal. These payments were made on debts, Notes that she and her husband signed—the debts were used to acquire money—monies to purchase this personal property. During 1979 she and her husband paid $1,156.30 on interest and $6,567.97 on principal.

> She paid off half of the money. During 1980 she paid half of $1,130.73 [interest] plus $7,869.90 [principal] to PCA. In addition she paid a total of half of $47,000.00 on the debts used to acquire equipment in 1980. Since her separation in 1978, the defendant has not given her any of that property.

> ＊　　＊　　＊

> After we were separated, he had me go to the PCA and to borrow—sign to borrow, Nine Hundred Dollars to pay off part of the equipment, and I paid half of that. I paid off half of the remaining debts.

The Note at the PCA was toward the final purchase price of the farm and the Eight or Nine Thousand Dollars still owing on the equipment in 1980.

In *Bullman v. Edney*, 232 N.C. 465, 61 S.E. 2d 338 (1950), a husband and wife purchased an automobile, each paying a part of the purchase price or promising to pay such a part. The court held that they became tenants in common therein in the proportion which the amount paid, or agreed to be paid, by each bore to the entire purchase price. In this case we cannot say that plaintiff's evidence was insufficient as a matter of law to justify a verdict finding her to have some interest in the property. The trial court improperly granted defendant's motion for a directed verdict on this cause of action.

We have carefully considered plaintiff's remaining assignment of error and find it to be totally without merit and overruled.

The judgment of the trial court is

Affirmed in part and reversed in part.

Judges VAUGHN and ARNOLD concur.