FLOYD MOORE v. FIELDCREST MILLS, INC., AND MONSANTO COMPANY

No. 777SC478

(Filed 16 May 1978)

**Carriers § 8.1— alleged negligence in loading of goods—summary judgment**

    The trial court properly entered summary judgment for defendants in an action to recover for personal injuries received by plaintiff when several large bales of acrylic fiber loaded on a trailer by defendant shipper fell on plaintiff while he was marking the bales inside the trailer at defendant consignee's unloading dock where defendants presented materials tending to show that

defendant shipper was not negligent in stacking the bales and defendant consignee did not know the bales would fall as stacked, and plaintiff relied on the mere allegations of his complaint.

Judge MARTIN dissents.

APPEAL by plaintiff from *Gaines, Judge.* Judgment entered 17 January 1977 in Superior Court, WILSON County. Heard in the Court of Appeals 9 March 1978.

Plaintiff commenced this action 23 March 1976 by the filing of a verified complaint. Plaintiff alleged *inter alia* the following: He was injured when several large bales of acrylic fiber fell while he was marking the bales inside a trailer which was parked at an unloading bay in the warehouse of the defendant, Fieldcrest Mills, Inc. A Fieldcrest employee, responsible for unloading and storing the cargo, "invited" plaintiff to mark these bales and did not warn him of any danger. The bales of fiber had been loaded on the trailer by Monsanto Company, and the trailer was sealed at that time. The employee of Fieldcrest knew that when these bales were stacked so that the length of the bales was perpendicular to the length of the trailer "the stacks of bales were unstable and would tumble over". The defendant Monsanto was negligent in stacking the bales in that manner, and defendant Fieldcrest was negligent in receiving the materials so loaded and in failing to warn plaintiff of the dangerous condition.

Depositions of plaintiff and the Fieldcrest employee who was present at the time of the injury were taken. Plaintiff picked up the trailer in Wilson, carried it to Greenville, backed it up to the dock, and opened the door in the presence of the Fieldcrest employee. Some of the bales were stacked "lengthwise", while others were stacked "crosswise". After returning from attending to a personal matter, plaintiff noted that the employee, a Mr. Boyd, had to disembark from his forklift to mark each of the bales. Plaintiff testified that he saw nothing unusual in the manner in which the trailer was loaded. While Boyd was unloading it with his forklift, plaintiff entered the trailer to mark the bales for Boyd. While Boyd was in the warehouse, several of the bales fell on plaintiff. Plaintiff said that he did not know whether the bales stacked "crosswise" or the bales stacked "lengthwise" fell on him; nor did Boyd know. Boyd testified that most shippers stacked bales of acrylic fiber "lengthwise" although Fieldcrest had re-

quested that woolen fiber be stacked "crosswise". He also testified that he had never personally known of another load of bales falling as this load had.

Defendants moved for summary judgment under Rule 56. The trial court granted summary judgment. From that judgment plaintiff appealed.

*Narron, Holdford, Babb, Harrison & Rhodes, by William H. Holdford, for plaintiff appellant.*

*Young, Moore, Henderson & Alvis, by R. Michael Strickland, for defendant appellee Fieldcrest Mills, Inc.*

*Connor, Lee, Connor, Reece & Bunn, by John M. Reece, for defendant appellee Monsanto Company.*

MORRIS, Judge.

Plaintiff's cause of action is grounded upon negligence. Paragraphs VII and VIII of his complaint specifically allege the negligence of the defendants. In his brief, plaintiff relies heavily upon *Honeycutt v. Bryan*, 240 N.C. 238, 81 S.E. 2d 653 (1954), which deals with a shipper's duty to load cargo in a safe manner. It is clear, however, that this duty is nothing more than the normal duty of due care. Also, plaintiff's brief characterizes his status as that of an "invitee". Again, the landowner's duty is nothing more than the duty of due care. Thus, plaintiff's complaint states only a cause of action for negligence.

Upon defendants' motion for summary judgment, they must show that there is no genuine issue as to any material fact and that they, as movants, are entitled to judgment as a matter of law. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

In the present case there is no genuine issue as to any material fact. The only potential conflict in the present case is whether Fieldcrest's employee Mr. Boyd "knew . . . that where the length of the bales ran with the width of the trailer as the defendant, Monsanto Company, had loaded these bales the stacks of bales were unstable and would tumble over". Plaintiff examined Boyd, and Boyd testified that the occasion of plaintiff's injury "was the only time they [a stack of bales] had fell [sic]". Boyd did testify that "bales of acrylic fiber with the plastic exterior

---

**Moore v. Fieldcrest Mills**

---

coating are a little slippery". Otherwise, the record is devoid of any suggestion that Boyd knew the stacks were "unstable and would tumble over".

This Court, as well as our Supreme Court, has frequently warned parties that "when the moving party presents an adequately supported motion, the opposing party must come forward with facts, not mere allegations, which controvert the facts set forth in the moving party's case, or otherwise suffer a summary judgment." *Frank H. Connor Co. v. Spanish Inns Charlotte, Limited et al*, 294 N.C. 661, 675, 242 S.E. 2d 785, 793 (1978). In this case, plaintiff only has mere allegations to support his claim. He offers no facts whatsoever to establish negligence. Where the moving party offers facts and the opposing party only offers mere allegations, there is no *genuine* issue as to a material fact.

Save for the general unsupported *allegations* in the complaint, nowhere is there even a suggestion as to how that method of stacking bales amounts to negligence. Plaintiff cannot rely upon mere allegations. He must offer facts which support his claim for relief. *Frank H. Connor Co. v. Spanish Inns Charlotte, Limited et al, supra.*

Plaintiff argues strongly that summary judgment is inappropriate in negligence cases. However, in this instance, his argument is groundless. True, in some cases, the case should go to the jury so that the jury can apply the reasonable man standard to the facts even if the facts are not disputed. *See Robinson v. McMahan*, 11 N.C. App. 275, 181 S.E. 2d 147 (1971), *cert. den.* 279 N.C. 395 (1971). In this case, application of the reasonable man standard by the jury is unnecessary, because we find no facts even suggesting negligence. Here, there simply are no facts upon which to base the allegations of negligence. Summary judgment was properly entered against plaintiff.

Affirmed.

Judge ARNOLD concurs.

Judge MARTIN dissents.