IND-COM ELECTRIC COMPANY, A CORPORATION, PLAINTIFF v. FIRST UNION NATIONAL BANK, A BANKING CORPORATION, DEFENDANT v. GAYLE R. POOLE, JERRY L. SNEED, WILLIAM G. POOLE, JAMES A. SNEED AND DON W. DANIELS, THIRD-PARTY DEFENDANTS

No. 8126SC1042

(Filed 6 July 1982)

**Banks and Banking § 11.2; Uniform Commercial Code § 36— forged checks—payment by bank—summary judgment properly granted in favor of bank**

    In an action arising from the payment by bank of thirty-seven forged checks, totalling $159,646.38, drawn against the account of plaintiff over a fourteen-month period, the trial court did not err in entering summary judgment in favor of the bank where plaintiff failed to fulfill the requirements of G.S. 25-4-406(3) by failing to produce a forecast of specific evidence to rebut the bank's evidence of its exercise of ordinary care in paying the forged checks. G.S. 25-3-406.

APPEAL by plaintiff from *Burroughs, Judge.* Judgment entered 6 August 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 May 1982.

This is a civil action arising from payment by First Union National Bank (FUNB) of thirty-seven forged checks, totalling $159,646.38, drawn against the account of Ind-Com Electric Company (Ind-Com) over a fourteen-month period. Ind-Com's complaint alleged FUNB's liability for its failure to exercise ordinary care in the payment of the checks. FUNB answered, denying liability and raising several defenses including Ind-Com's contributory negligence in failing to prevent or discover the forgeries by its employee.

Ind-Com Electric Co. v. First Union

FUNB moved for summary judgment in reliance upon the pleadings, depositions, answers to interrogatories, admissions and affidavits filed with the court. Following the motion for summary judgment, the parties agreed to extensive stipulations of fact for the express purpose of limiting the court's consideration to a single issue, that being:

Is there any genuine issue of material fact as to a lack of ordinary care on the part of FUNB in paying the forged checks?

Included among the stipulations of fact was Ind-Com's concession that its own negligence contributed to the forgeries. It was also stipulated that FUNB had acted in good faith and in accordance with reasonable commercial standards in paying the forged checks. However, Ind-Com specifically refused to stipulate to FUNB's exercise of ordinary care pursuant to G.S. 25-4-406(2).

Summary judgment was granted in favor of FUNB. Ind-Com appeals.

*Henderson and Shuford, by David H. Henderson and Robert E. Henderson, for plaintiff appellant.*

*James, McElroy & Diehl, by Gary S. Hemric, for defendant appellee.*

ARNOLD, Judge.

Plaintiff's appeal rests on its contention that defendant failed to meet the standard of care required of it by G.S. 25-4-406 and should therefore be held liable in spite of its fulfillment of the requirements of G.S. 25-3-406. These two statutes specify the circumstances under which a drawee bank will be held liable for payment of unauthorized checks in spite of the contributory negligence of the customer.

G.S. 25-3-406 releases the bank from liability in this situation if it "pays the instrument in good faith and in accordance with . . . reasonable commercial standards." Applying this standard, the parties' stipulations would clearly preclude FUNB's liability. However, Ind-Com relies instead on G.S. 25-4-406. This statute sets forth the general rule that a bank is not liable where the customer's negligence in failing to examine his bank statements is

the cause of the loss. As an exception to this rule, however, the statute provides that the bank is not excused from liability where "the customer establishes lack of ordinary care on the part of the bank in paying the item(s)." G.S. 25-4-406(3). Ind-Com contends that compliance with industry standards does not necessarily fulfill the requirement of "ordinary care" and argues that the evidence raises a material issue of fact as to FUNB's compliance with the latter standard.

While we find interesting Ind-Com's argument that the two statutes are inconsistent, we have determined that Ind-Com has failed to fulfill the requirements of G.S. 25-4-406(3), on which it relies. We do not, therefore, find it necessary to reach the issue of the interrelationship of the two statutes.

The statutory requirement that the customer must establish the bank's lack of ordinary care in order to recover notwithstanding the customer's own negligence places the burden of proof squarely upon the shoulders of the customer. Although the initial burden in a summary judgment hearing is on the moving party to establish the absence of any material issue of fact and to show its entitlement to judgment in its favor as a matter of law, we find that this burden was met by FUNB's undisputed evidence that its practices comported with generally accepted standards in the banking industry as required by G.S. 25-3-406.

It is well settled that once the movant has met its burden, the party opposing summary judgment may not rely "upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), North Carolina Rules of Civil Procedure. *See Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976); *Moore v. Fieldcrest Mills, Inc.*, 36 N.C. App. 350, 244 S.E. 2d 208 (1978), *aff'd* 296 N.C. 467, 251 S.E. 2d 419 (1979). Our review of the record here reveals no such specific facts in support of plaintiff's position. Ind-Com apparently relies on its allegation that the protective measures employed by FUNB were inadequate and on the opinion of an Ind-Com officer that the bank should have been placed on notice of the forgeries by the amounts and payees of the checks. We hold that Ind-Com's failure to produce a forecast of specific evidence to rebut FUNB's evidence of its exercise of ordinary care in paying the forged checks entitled FUNB to judgment as a matter of law.

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.