NO. COA14-573

NORTH CAROLINA COURT OF APPEALS

Filed:  31 December 2014

ANTONIO STEELE,
    Plaintiff,

v.

TAMMY BOWDEN, ALAMANCE TOWING &
RECOVERY, JOHN DOE I, d/b/a ALAMANCE
TOWING & RECOVERY, and JOHN DOE II,
    Defendants.

Orange County
No. 12 CVD 1048

Appeal by defendant from order entered 29 October 2013 and judgment entered 12 November 2013 by Judge James T. Bryan in Orange County District Court.  Heard in the Court of Appeals 22 October 2014.

> *Barry Nakell for Plaintiff.*
>
> *Perry, Perry & Perry, P.A., by Maria T. Singleton, for Defendant.*

ERVIN, Judge.

Defendant Tammy Bowden appeals from an order granting partial summary judgment in favor of Plaintiff Antonio Steele with respect to the conversion and trespass to personal property claims that he asserted against Defendant and from a judgment awarding Plaintiff a total of $10,570 in compensatory and punitive damages.  On appeal, Defendant argues that the trial

court erred by granting partial summary judgment in Plaintiff's favor with respect to his conversion and trespass to personal property claims on various procedural and substantive grounds, depriving her of the right to give sworn oral testimony at the summary judgment hearing, refusing to accept the oral statements that she made in open court in opposition to Plaintiff's summary judgment motion as evidence, refusing to submit the issues raised by her counterclaim to the jury, impermissibly presenting the jury with an "alternative verdict" form, incorrectly instructing the jury concerning the law applicable to conversion and trespass to personal property claims, submitting the issue of punitive damages to the jury absent evidence that Defendant had acted maliciously, allowing the jury to award damages to Plaintiff despite the absence of sufficient evidence of the value of the vehicle in question, and granting Plaintiff's motion *in limine* seeking the exclusion of documents that should have been admitted into evidence. After carefully considering Defendant's challenges to the trial court's order and judgment in light of the record and the applicable law, we conclude that the trial court's order and judgment should be affirmed in part, that the trial court's judgment should be reversed in part, and that this case should be remanded to the Orange County District

Court for further proceedings not inconsistent with this opinion.

## I. Factual Background

### A. Substantive Facts

Plaintiff and Defendant were married in 2004 and divorced in 2009. In January 2005, the two of them purchased a 2002 Ford Expedition that was financed using a loan that had been obtained from Santander Consumer USA. Defendant co-signed the loan with Plaintiff and the vehicle obtained as a result of the making of the loan was titled to both parties.

In the course of the process by which they parted company, the parties' entered an oral agreement under which Plaintiff would retain the vehicle, make timely payment as required by the loan agreement, and have Defendant's name removed from both the title to the vehicle and the loan agreement. Pursuant to this agreement, Plaintiff retained possession of the vehicle and made all of the remaining loan payments except for the final one. However, Plaintiff did not obtain the removal of Defendant's name from the title and the loan agreement or make all of the payments under the loan in a timely manner. As a result, an unpaid balance of $1,989.23 existed at the time that the loan should have been paid off.

Plaintiff continued to make payments against the outstanding balance under the loan after the date by which the full amount should have been paid in a total amount of $1,374.64, effectively leaving an outstanding balance of $694.62 due and owing under the loan agreement. Before Plaintiff completed the payment process, Defendant made the final payment by means of a check drawn on 28 March 2011 in the amount of $699.62. According to Defendant, Santander contacted her when Plaintiff failed to make timely payment under the loan and she eventually made the final payment herself in order to protect her access to credit.

After having made the final loan payment, Defendant attempted to "repossess" the vehicle from Plaintiff in March 2011 by hiring a towing company to remove the vehicle from Plaintiff's property. Plaintiff thwarted this attempted "repossession" by spotting the approaching tow truck and driving away at a high rate of speed. However, Plaintiff hit a curb and damaged the vehicle in the course of thwarting the "repossession." Defendant made a second attempt to "repossess" the vehicle in March or April 2011 and succeeded in obtaining possession of the vehicle on that occasion. Defendant claimed that she had made these efforts to "repossess" the vehicle in

order to encourage Plaintiff to reimburse her for the amount of the final loan payment.

After obtaining possession of the vehicle, Defendant had an auto mechanic repair the damage that had occurred during the first "repossession" attempt. However, Defendant was unable to pay the mechanic for the required repairs. As a result, the vehicle was sold as part of the process of enforcing a repairman's lien.

## B. Procedural History

On 11 July 2012, Plaintiff filed a complaint against Defendant, John Doe I doing business as Alamance Towing and Recovery, and John Doe II in which he asserted claims for conversion and assault and requested an award of compensatory and punitive damages. On 20 September 2012, Defendant filed an answer in which she denied the material allegations of Plaintiff's complaint, asserted that she had a legal right to take possession of the vehicle arising from Plaintiff's failure to make required loan payments, and requesting "reimbursement" for the amount of the loan balance.

On 16 November 2012, Plaintiff filed a motion seeking the entry of judgment on the pleadings. Judge Lunsford Long entered an order denying Plaintiff's motion for judgment on the pleadings on 9 January 2013. On 25 June 2013, Judge Beverly A.

Scarlett entered an order allowing Plaintiff to amend his complaint to add a claim for trespass to real property. On 5 September 2013, Plaintiff filed a motion seeking the entry of partial summary judgment in his favor with respect to the issue of liability. On 29 October 2013, the trial court entered an order granting Plaintiff's motion with respect to the conversion and trespass to personal property claims and ordering that the amount of damages to which Defendant was entitled on the basis of his claims for conversion and trespass to personal property be determined by a jury. On the same date, Plaintiff voluntarily dismissed his claims against Alamance Towing and Recovery and John Doe II.[1]

This case came on for trial before the trial court and a jury at the 29 October 2013 civil session of the Orange County District Court. At the beginning of the trial, the trial court recognized that Plaintiff had withdrawn his assault claim. On 30 October 2013, the jury returned a verdict awarding $10,320 in compensatory damages for Defendant's conversion of or trespass to the vehicle and $250 in punitive damages. The trial court entered a final judgment based on the jury's verdict on 12

---

[1]As a result of the fact that Alamance Towing and Recovery was also named as John Doe I, the voluntary dismissal removed all of the defendants named in the complaint and amended complaint from this case except Defendant.

November 2013.  Defendant noted an appeal to this Court from the trial court's order and judgment.

## II. Substantive Legal Analysis

### A. Summary Judgment Order

In her brief, Defendant contends that the trial court erred by granting summary judgment in Plaintiff's favor with respect to his conversion and trespass to personal property claims. More specifically, Defendant contends that the granting of Plaintiff's summary judgment motion was precluded by Judge Long's refusal to enter judgment on the pleadings in Plaintiff's favor and that the record discloses the existence of genuine issues of material fact concerning the extent to which Defendant was entitled to forcibly take the vehicle from Plaintiff's possession sufficient to require a jury trial with respect to the issue of her liability for conversion and trespass to personal property.  Defendant's contentions are without merit.

### 1. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d

382, 385 (2007)). "A 'genuine issue' is one that can be maintained by substantial evidence. The showing required for summary judgment may be accomplished by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense." *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (internal citations omitted).

## 2. Defendant's Challenges to the Summary Judgment Order

### a. Collateral Estoppel and Overruling Prior Order

As an initial matter, Defendant contends that the trial court lacked the authority to grant summary judgment with respect to Plaintiff's claims on the grounds that those claims had previously been argued and adjudicated before a different trial judge in violation of the principle of collateral estoppel and the rule that one judge cannot overrule another judge of equal authority. In support of this contention, Defendant notes that Judge Long denied Plaintiff's motion for judgment on the pleadings with respect to Plaintiff's substantive claims by means of an order entered on 9 January 2013. Defendant's contention lacks merit.

"[A] claim cannot be barred by *res judicata* or collateral estoppel unless it was litigated to final judgment in a prior action." *Jonesboro United Methodist Church v. Mullins-Sherman*

*Architects, L.L.P.*, 359 N.C. 593, 601, 614 S.E.2d 268, 273 (2005). In view of the fact that Judge Long's order denying Plaintiff's motion for judgment on the pleadings was neither entered in a separate action or constituted a final judgment, that order does not have collateral estoppel effect.

Defendant's claim that Judge Bryan improperly overruled Judge Long is devoid of merit as well. "It is well established that one [district] court judge may not ordinarily modify, overrule, or change the judgment or order of another [district] court judge previously entered in the same case." *In re Royster*, 361 N.C. 560, 563, 648 S.E.2d 837, 840 (2007). In considering a motion for judgment on the pleadings, the trial court is required to look to the face of the pleadings to determine whether the movant is entitled to judgment as a matter of law, with all of the factual allegations in the nonmovant's pleadings being deemed to have been admitted except to the extent that they are legally impossible or not admissible in evidence. *Governor's Club, Inc. v. Governors Club Ltd. Partnership*, 152 N.C. App. 240, 247, 567 S.E.2d 781, 786 (2002), *aff'd*, 357 N.C. 46, 577 S.E.2d 620 (2003). "By contrast, when considering a summary judgment motion, the trial court must look at more than the pleadings; it must also consider additional matters such as affidavits, depositions and other specified

matters outside the pleadings." *Locus v. Fayetteville State University*, 102 N.C. App. 522, 527, 402 S.E.2d 862, 866 (1991). Thus, "the denial of a motion [for judgment on the pleadings], which merely challenges the sufficiency of the [pleadings], does not prevent the court's allowing a subsequent motion for summary judgment based on affidavits outside the complaint." *Alltop v. J.C. Penney Co.*, 10 N.C. App. 692, 694, 179 S.E.2d 885, 887, *cert. denied*, 279 N.C. 348, 182 S.E.2d 580 (1971). As a result, Judge Bryan's decision to grant summary judgment in Plaintiff's favor did not constitute the overruling of Judge Long's order denying Plaintiff's motion for judgment on the pleadings.

In apparent recognition of this potential defect in her argument, Defendant contends that the argument that Plaintiff made in support of his judgment on the pleadings relied on information that was not contained in the pleadings, thereby converting Plaintiff's motion for judgment on the pleadings into one for summary judgment. *See Weaver v. Saint Joseph of the Pines, Inc.*, 187 N.C. App. 198, 203, 652 S.E.2d 701, 707 (2007) (stating that "a motion [lodged pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6)] is converted to one for summary judgment if matters outside the pleading are presented to and not excluded by the court") (internal quotation marks omitted). "Ordinarily, if . . . the trial court considers matters outside the

pleading[s], the motion shall be treated as one for summary judgment and disposed of as provided in [N.C. Gen. Stat. § 1A-1,] Rule 56." However, in the event that "the matters outside the pleading[s] considered by the trial court consist only of briefs and arguments of counsel, the trial court need not convert the [motion] into one for summary judgment." *Governor's Club*, 152 N.C. App. at 245-46, 567 S.E.2d at 785 (internal quotation marks and citations omitted).

At the hearing held for the purpose of considering Plaintiff's motion for judgment on the pleadings, both parties made reference to facts not contained in the pleadings or in their oral arguments. However, the trial court was not presented with, and did not review, any evidentiary materials such as affidavits, deposition transcripts, or documents, in the course of deciding whether to grant or deny Plaintiff's motion for judgment on the pleadings. For that reason, the trial court's ruling denying Plaintiff's motion for judgment on the pleadings did, in fact, represent a ruling made with respect to a motion for judgment on the pleadings rather than with respect to a motion for summary judgment. As a result, the trial court was not precluded from granting Plaintiff's summary judgment motion for either of the reasons stated in Defendant's brief.

### b. Conversion Claim

Secondly, Defendant contends that the trial court erred by granting summary judgment in Plaintiff's favor with respect to his conversion claim. More specifically, Defendant argues that the trial court erred by granting summary judgment in favor of Plaintiff with respect to his conversion claim on the grounds that the record disclosed the existence of genuine issues of material fact concerning the extent to which Defendant had a lawful right to "repossess" the vehicle. Defendant's contention lacks merit.

"[C]onversion is defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Myers v. Catoe Constr. Co.*, 80 N.C. App. 692, 695, 343 S.E.2d 281, 283 (1986). "[T]wo essential elements are necessary in a claim for conversion: (1) ownership in the plaintiff, and (2) a wrongful conversion by the defendant." *Bartlett Milling Co., L.P. v. Walnut Grove Auction & Realty Co., Inc.*, 192 N.C. App. 74, 86, 665 S.E.2d 478, 489, *disc. review denied*, 362 N.C. 679, 669 S.E.2d 741 (2008). In cases involving personal property owned jointly by multiple individuals as tenants in common, "where the tenant in possession of personal chattels withholds the common property from his co-tenant, or wrests it from him and exercises

a dominion over it, either in direct denial of or inconsistent with the rights of the latter, an action will lie for conversion." *Bullman v. Edney*, 232 N.C. 465, 468, 61 S.E.2d 338, 340 (1950).

A careful review of the record convinces us that Defendant has not forecast any evidence that, if accepted as true, would support a decision in her favor with respect to Plaintiff's conversion claim. Simply put, all of the evidence presented for the trial court's consideration at the summary judgment hearing tends to show that Defendant, who owned the vehicle in question jointly with Plaintiff as tenants in common, took forcible possession of that vehicle from Plaintiff without Plaintiff's consent. Although "it is difficult to draw or trace the shadowy line that marks the limit to which a tenant in common may go in the exercise of control over the common property without subjecting himself to liability for conversion," *Waller v. Bowling*, 108 N.C. 289, 295, 12 S.E. 990, 992 (1891), Defendant has not identified the existence of any facts that would have authorized her to forcibly "repossess" the vehicle, and none are apparent on the face of the record. Simply put, while Defendant may have had a legal or equitable interest in the vehicle, Defendant has not cited any authority indicating that she had the right to forcibly take that vehicle from Plaintiff given his

status as a co-owner. As a result, since the undisputed evidence contained in the record establishes that Defendant's conduct did not involve actions near the "shadowy line" referenced in *Waller*, the trial court did not err by granting summary judgment in Plaintiff's favor with respect to his conversion claim.

### c. Trespass to Personal Property Claim

Similarly, Defendant contends that the trial court erred by granting summary judgment in Plaintiff's favor with respect to his trespass to personal property claim. Once again, Defendant contends that the record reflects the existence of genuine issues of material fact concerning the extent to which she had a right to "repossess" the vehicle. Defendant's argument is unpersuasive.

"A successful action for trespass to chattels requires the party bringing the action to demonstrate that she had either actual or constructive possession of the personalty or goods in question at the time of the trespass, and that there was an unauthorized, unlawful interference or dispossession of the property." *Fordham v. Eason*, 351 N.C. 151, 155, 521 S.E.2d 701, 704 (1999) (internal citation omitted). "The key to assessing possession under a trespass to chattel claim is determining if there is a right to present possession whenever so desired or a

right to immediate possession." *Id.* Moreover, "[i]n a trespass action a defendant may assert that the entry was lawful or under legal right as an affirmative defense." *Singleton v. Haywood Elec. Membership Corp.*, 357 N.C. 623, 628, 588 S.E.2d 871, 874 (2003). As a result, given that Plaintiff had actual possession of the vehicle at the time that it was taken, the ultimate question raised by Plaintiff's trespass to personal property claim is whether "there was an unauthorized, unlawful interference or dispossession of the property." *Fordham*, 351 N.C. at 155, 521 S.E.2d at 704.

In her brief, Defendant argues that, as a co-owner of the vehicle, she had the authority to take possession of the vehicle from Plaintiff. As an initial matter we must note that, instead of pointing to the existence of a disputed factual issue, Defendant's argument is nothing more or less than a statement of what she believes the legal effect of the essentially undisputed facts to be. In light of that fact, the proper course for us to take in the event that we were to accept Defendant's argument as persuasive would be for us to reverse the trial court's judgment and remand this case for the entry of judgment in Defendant's favor rather than to order a new trial. Thus, the ultimate issue raised by Defendant's argument is one of law rather than one of fact.

As we have already noted, a claim for conversion is available in the event that "the tenant in possession of personal chattels withholds the common property from his co-tenant, or wrests it from him and exercises a dominion over it." *Bullman*, 232 N.C. at 468, 61 S.E.2d at 340. Although the principle set forth in *Bullman* was enunciated in the context of a conversion claim, we are unable to see why a different rule should be applicable in trespass to personal property cases. As the Supreme Court has stated in the landlord-tenant context, our laws, instead of permitting someone "to take the law into [her] own hands," require that a "remedy . . . be sought through those peaceful agencies which a civilized community provides to all its members." *Spinks v. Taylor*, 303 N.C. 256, 262, 278 S.E.2d 501, 505 (1981). In the event that we were to accept Defendant's implicit assertion that the principle enunciated in *Bullman* did not apply in trespass to personal property cases, "it must necessarily follow as a logical sequence, that so much [force] may be used as shall be necessary to overcome resistance, even to the taking of human life," *Spinks*, 303 N.C. at 263, 278 S.E.2d at 505, in the course of the private "repossession" of an item of personal property, resulting in an untenable situation in which the parties would be allowed to engage in an escalating cycle of violence during which each co-

owner would be entitled to forcibly take the jointly owned property from the other co-owner in turn. As a result, instead of allowing one co-owner to forcibly seize property from another co-owner, we believe that a co-owner of jointly owned property "may not [take possession] against the will of the [other owner]," with "an objection by the [other owner being sufficient to] elevate[] the [retaking] to a forceful one," leaving "the [co-owner's] sole legal recourse [to be] to the courts." *Id.* at 263, 278 S.E.2d at 505.

The mere taking of an item of jointly held property, standing alone, is not sufficient to support the maintenance of an action for trespass to personal property. Instead, since "[o]ne tenant in common of a personal chattel has as much right to the possession of it as the other," "one tenant in common cannot maintain [an action for] trespass or trover against his cotenant without showing that the cotenant has destroyed the joint property." *Lucas v. Wasson*, 14 N.C. 398, 399 (1832); *see also Rice v. Bennington County Sav. Bank*, 93 Vt. 493, 503, 108 A. 708, 712 (1920) (stating that "[a] joint tenant of personal property has such title thereto that he may maintain an action against a co-tenant who sells or destroys the same.") (citing *Lucas*, 14 N.C. at 398). However, since Defendant allowed the vehicle to be sold for the purpose of satisfying a lien, "such a

disposition of it [was] made as to prevent [Plaintiff] from recovering it." *Thompson v. Silverthorne*, 142 N.C. 12, 14, 54 S.E. 782, 782 (1906) (quoting *Grim v. Wicker*, 80 N.C. 343, 344 (1879))[2]. As a result, Plaintiff was entitled to maintain a claim for trespass to personal property against Defendant despite Defendant's status as co-owner of the vehicle.

Although Defendant contends that she was entitled to "repossess" the vehicle based upon an agreement that she had reached with Plaintiff, her assertion to that effect does not justify a decision to overturn the trial court's award of summary judgment in Plaintiff's favor. Assuming, without in any way deciding, that such an oral agreement between the parties would be enforceable, Defendant's assertions relating to this alleged agreement do not suffice to preclude the entry of summary judgment in Plaintiff's favor with respect to the trespass to personal property claim given the absence of any evidence tending to show that such an agreement ever existed.

According to well-established North Carolina law, when a moving party has met his burden of showing that he is entitled

---

[2]Aside from the fact that Defendant, rather than Plaintiff, sent the vehicle for repairs and incurred responsibility for paying the resulting bill, Defendant never argued in her brief that Plaintiff's ability to redeem the vehicle precluded the maintenance of a claim for trespass to personal property. *Viar v. N.C. Dept. of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005).

to an award of summary judgment in his favor, the non-moving party cannot rely on the allegations or denials set forth in her pleading, *Ind-Com Elec. Co. v. First Union Nat. Bank*, 58 N.C. App. 215, 217, 293 S.E.2d 215, 216-17 (1982), and must, instead, forecast sufficient evidence to show the existence of a genuine issue of material fact in order to preclude an award of summary judgment. *Dobson*, 352 N.C. at 83, 530 S.E.2d at 835; *see also* N.C. Gen. Stat. § 1A-1, Rule 56(e) (providing that, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). A careful review of the record has persuaded us that Defendant adduced no facts at the summary judgment hearing tending to show the existence of an agreement of the sort upon which she seeks to rely in opposition to Plaintiff's motion. Instead, Defendant simply relied on her assertion that Plaintiff "defaulted on payments on the 2002 Ford Expedition and the finance company contacted her for the balance of the loan since Plaintiff . . . had defaulted." Thus, given the complete absence of any evidence tending to show the existence of an agreement like the one upon which Defendant has attempted to

rely, the trial court did not err by granting Plaintiff's request for an award of summary judgment in his favor with respect to his trespass to personal property claim. As a result, Defendant is not entitled to relief from the trial court's summary judgment order on the basis of this contention.

## B. Defendant's Other Claims

### 1. Oral Testimony at Summary Judgment Hearing

In her brief, Defendant contends that the trial court erred by depriving her of the right to give sworn oral testimony at the summary judgment hearing and by refusing to accept the statements that she made in open court in opposition to Plaintiff's summary judgment motion as evidence. Defendant's argument is unpersuasive.

As a general proposition, evidence is presented at a hearing convened to address the merits of a summary judgment motion "through depositions, answers to interrogatories, admissions on file, documentary materials, further affidavits, or oral testimony in some circumstances." *Strickland v. Doe*, 156 N.C. App. 292, 295, 577 S.E.2d 124, 128, *disc. review denied*, 357 N.C. 169, 581 S.E.2d 447 (2003). Although "[o]ral testimony at a hearing on a motion for summary judgment may be offered," "the trial court is only to rely on such testimony in a supplementary capacity, to provide a 'small link' of required

evidence, but not as the main evidentiary body of the hearing." *Id.* at 296, 577 S.E.2d at 129. In addition, the extent to which oral testimony is admitted at a summary judgment hearing is a matter within the trial court's discretion. *Pearce Young Angel Co. v. Don Becker Enterprises, Inc.*, 43 N.C. App. 690, 692, 260 S.E.2d 104, 105 (1979). "Generally, the test for abuse of discretion is whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Frost v. Mazda Motor of America, Inc.*, 353 N.C. 188, 199, 540 S.E.2d 324, 331 (2000) (internal quotation marks and citation omitted).

As the record clearly reflects, Defendant did not submit any affidavits, depositions, or other evidentiary materials in opposition to Plaintiff's request for the entry of summary judgment in his favor.[3] Had the trial court allowed Defendant to present oral testimony at the hearing, Defendant's testimony would not have constituted "supplementary" evidence for the purpose of "provid[ing] a 'small link' of required evidence." *Strickland*, 156 N.C. App. at 296, 577 S.E.2d at 129. Instead, Defendant's testimony would have constituted Defendant's entire showing in response to Plaintiff's summary judgment motion. In light of this set of circumstances, we are unable to say that

---

[3]Plaintiff did, however, submit Defendant's deposition for the trial court's consideration at the summary judgment hearing.

the trial court abused its discretion by denying Defendant's request that she be allowed to offer oral testimony at the summary judgment hearing or by failing to consider Defendant's unsworn oral statements as evidence and do not believe that Defendant is entitled to relief from the trial court's summary judgment order on the basis of this contention.

## 2. Counterclaim

Secondly, Defendant contends that the trial court erred by failing to instruct the jury to address the merits of her counterclaim, in which she sought reimbursement from Plaintiff for the payments that she had made on the vehicle-related loan. Defendant's contention has merit.[4]

> The trial court is required to submit to the jury those issues raised by the pleadings and supported by the evidence. An issue is supported by the evidence when there is substantial evidence, considered in the light most favorable to the non-movant, in support of that issue. Substantial evidence is such relevant evidence as a reasonable

---

[4]Although Plaintiff contends that the jury heard Defendant's contention that she was entitled to be reimbursed for the amount of the final loan payment and effectively considered this claim in the course of rendering its verdict for that reason, we are unable to accept this contention as valid given that careful scrutiny of the trial court's instructions reveals that the jury was never told that it could consider Defendant's reimbursement claim or adjust the amount of damages to be awarded to Plaintiff to reflect the fact that Defendant made the final payment. As a result, we are not persuaded by Plaintiff's argument that Defendant's reimbursement claim is adequately reflected in the jury's verdict.

> mind might accept as adequate to support a conclusion.

*In re Estate of Ferguson*, 135 N.C. App. 102, 105, 518 S.E.2d 796, 798 (1999) (internal quotation marks and citations omitted).  A litigant is entitled to relief on appeal when the trial court's refusal to submit an issue for the jury's consideration results in the creation of a bar to the litigant's recovery.  *See Brewer v. Harris*, 279 N.C. 288, 298, 182 S.E.2d 345, 351 (1971) (holding that the issue of whether the defendant's willful and wanton conduct was sufficient to preclude the rejection of the plaintiff's personal injury claim on contributory negligence grounds).

As an initial matter, we must determine whether Defendant properly pled a counterclaim seeking reimbursement for the payments that she made in connection with the vehicle-related loan in her responsive pleading.  According to N.C. Gen. Stat. § 1A-1, Rule 8(a), a pleading that attempts to assert a counterclaim must contain (1) "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief" and (2) "[a] demand for judgment for the relief to which he deems himself entitled."  N.C. Gen. Stat. § 1A-1, Rule 8(a).  The fact that the defendant

may have failed to explicitly indicate that he or she is asserting a counterclaim is irrelevant, since N.C. Gen. Stat. § 1A-1, Rule 8(c), provides that, "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." *See also Hunt v. Hunt*, 117 N.C. App. 280, 283, 450 S.E.2d 558, 561 (1994).

A careful review of the record establishes that Defendant's answer asserted a counterclaim that complied with the provisions of N.C. Gen. Stat. § 1A-1, Rule 8(a), given that it alleged that "Defendant had to pay the balance of the loan as the co-signer in the amount of approximately $1,000 in which the Plaintiff now owes the Defendant" and requested "[r]eimbursement in the amount in excess of $5,000 for loan balance, harassment, mental anguish, malicious damages." Although Defendant did not specifically designate this set of statements as a counterclaim, we believe that considerations of simple "justice require[] that the trial court treat the defendant's pleadings as a[n attempt to assert a] counterclaim," *Hunt*, 117 N.C. App. at 283, 450 S.E.2d at 561, and that the trial court erred by apparently reaching a contrary conclusion.

In addition to having sufficiently pled the facts upon which she relied in support of her counterclaim and request for an award of relief, Defendant's allegations alleged a valid basis for the recovery of damages.

> Unjust enrichment is based upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another. [A] person who has been unjustly enriched at the expense of another is required to make restitution to the other. A claim of this type is neither in tort nor contract but is described as a claim in quasi contract or a contract implied in law.

*Hinson v. United Financial Services, Inc.*, 123 N.C. App. 469, 473, 473 S.E.2d 382, 385, *disc. review denied*, 344 N.C. 630, 477 S.E.2d 39 (1996) (internal quotation marks and citations omitted). The measure of damages for unjust enrichment is the reasonable value of the goods and services that the claimant provided to the other party. *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988). In view of the fact that Defendant has alleged that she paid off the balance of the loan relating to the vehicle and that Plaintiff had not reimbursed her for the payments that she had made, Defendant has pled facts that, if believed, tend to show that Plaintiff had been "unjustly enriched at [Defendant's] expense," *Hinson*, 123 N.C. App. at 473, 473 S.E.2d at 385, and that Defendant should be

reimbursed for the $699.62 that she paid in connection with the vehicle-related loan.

Finally, Defendant adduced sufficient evidence at trial to support the submission of her unjust enrichment claim to the jury.[5] According to Plaintiff's Exhibit No. 5, Defendant wrote a check on 28 March 2011 in the amount of $699.62 to "Santander Consumer USA Inc.," and indicated on the memo line that this check "Paid" "Acct #1750283" "in Full." According to Plaintiff's Exhibit No. 6, which was the payment history associated with Account No. 1750283, a final payment in the amount of $699.62 was made to Santander by means of a check bearing the same number as that shown on Plaintiff's Exhibit No. 5. In view of the fact that these two exhibits, standing alone, tend to show that Defendant paid off the vehicle-related loan and the fact that the parties do not appear to dispute that, under the domestic settlement between the parties, Plaintiff had primary responsibility for paying off the vehicle-related loan, the trial court erred by refusing to submit Defendant's counterclaim for the jury's consideration. As a result, the lower court's judgment should be vacated to the extent that it

---

[5]Defendant has not asserted in her brief that she presented sufficient evidence to support a claim for "harassment, mental anguish, and malicious damages" and we believe that her assessment of the state of the evidentiary record concerning that set of issues is correct.

constitutes a rejection of Defendant's counterclaim and this case should be remanded to the Orange County District Court for a trial on the issues raised by Defendant's counterclaim.

### 3. Other Issues

Finally, Defendant has raised a number of other issues in her brief that merit passing attention. First, Defendant has challenged the form of the special interrogatories that were submitted to the jury and the manner in which the trial court instructed the jury concerning various issues. However, Defendant failed to object to either the verdict sheet or the jury instructions before the trial court. N.C. R. App. P. 10(a)(1) (stating that, "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context") and N.C. R. App. P. 10(a)(2) ("[a] party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires to consider its verdict"). In addition, although Defendant appears to be attempting to challenge the jury's compensatory and punitive damages award, she merely makes a passing reference to this set of issues in her brief without

citing any authority in support of her position. N.C. R. App. P. 28(b)(6) (stating that any issue "in support of which no reason or argument is stated, will be taken as abandoned"). Finally, Defendant challenges the trial court's decision, in ruling on a motion *in limine*, to preclude the admission of documents arising from a bankruptcy petition filed by Plaintiff on 22 November 2011. However, Plaintiff did not attempt to introduce the documents at trial after the trial court granted Plaintiff's motion *in limine*. *Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 620, 504 S.E.2d 102, 105 (1998) (stating that "[a] party objecting to an order granting or denying a motion *in limine*, in order to preserve the evidentiary issue for appeal, is required to . . . attempt to introduce the evidence at the trial") (quotation marks and citation omitted). As a result, since none of these arguments have been properly preserved for purposes of appellate review, they provide no basis for a decision to overturn the trial court's order or judgment.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that, although the trial court erroneously refused to allow the jury to consider Defendant's counterclaim, it did not err by holding Defendant liable for conversion and trespass to personal

property and awarding compensatory and punitive damages to Plaintiff based on those claims. As a result, we affirm the trial court's judgment in part, reverse the trial court's judgment in part, and remand this case to the Alamance County District Court for a trial on the issues raised by Defendant's counterclaim.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Judge BRYANT concurs.

Judge ELMORE dissents in part and concurs in part.

NO. COA14-573

NORTH CAROLINA COURT OF APPEALS

Filed: 31 December 2014

ANTONIO STEELE,
    Plaintiff,

v.

TAMMY BOWDEN, ALAMANCE TOWING &
RECOVERY, JOHN DOE 1, d/b/a
ALAMANCE TOWING AND RECOVERY, and
JOHN DOE II,
    Defendants.

Orange County
No. 12-CVD-1048

ELMORE, Judge, dissenting, in part, concurring, in part.

Because I believe the trial court erred in granting partial summary judgment in plaintiff's favor on grounds that the record does not disclose the existence of a genuine issue of material fact concerning the extent, if any, to which defendant was authorized to repossess the 2002 Ford Expedition, I respectfully dissent.

## A. <u>Standard of Review</u>

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572,

576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). "The showing required for summary judgment may be accomplished by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense[.]" *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citation omitted).

## B. Defendant's Challenges to the Summary Judgment Order

### I. Conversion Claim

Defendant argues that the trial court erred in entering the 29 October order granting defendant's motion for partial summary judgment on the claim of conversion. I agree, because the evidence suggests that a genuine issue of material fact concerning the extent to which defendant had a lawful right to repossess the vehicle is present in the record.

"The tort of conversion is well defined as an *unauthorized* assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the . . . exclusion of an owner's rights." *Vaseleniuck Engine Dev., LLC v. Sabertooth Motorcycles, LLC*, ___ N.C. App. ___, ___, 727 S.E.2d 308, 310 (2012) (quoting *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956)). In cases involving tenants in

common of chattel "where the tenant in possession of personal chattels withholds the common property from his co-tenant, or wrests it from him, and exercises a dominion over it either in direct denial of or inconsistent with the rights of the latter, an action will lie for conversion." *Bullman v. Edney*, 232 N.C. 465, 468, 61 S.E.2d 338, 340 (1950). However, "it is difficult to draw or trace the shadowy line that marks the limit to which a tenant in common may go in the exercise of control over the common property without subjecting himself to liability for conversion." *Waller v. Bowling*, 108 N.C. 289, 295, 12 S.E. 990, 992 (1891).

The crux of defendant's argument is that the facts of the instant case give rise to a genuine issue of material fact as to whether defendant's possession of the vehicle was unauthorized. Again, I agree. Here, the liability for plaintiff's claim of conversion hinges on whether defendant's possession of the vehicle was authorized or unauthorized under these particular circumstances.

The record discloses that pursuant to an alleged oral agreement between the parties, plaintiff was to retain possession of the vehicle, make timely loan payments, and remove

defendant's name from the vehicle's title.[6]  However, plaintiff did not comply with the terms of the parties' agreement because he neither removed plaintiff's name from the vehicle's title nor did he make all loan payments in a timely fashion.  Defendant alleges that she often received calls from creditors regarding overdue payments on the car loan.  Thus, it was plaintiff who purportedly elected to keep defendant's name on the vehicle's title and plaintiff who allegedly failed to make timely loan payments.  There is evidence in the record to suggest that when defendant took possession of the vehicle, it was titled in her name and she had made the final loan payment.  Based on this evidence, there exists in this case a question of whether defendant came into possession of the automobile rightfully despite the record evidence that plaintiff did not surrender the vehicle to defendant voluntarily.

It appears that the trial court determined on its own accord that defendant had no right to the possession of the vehicle.  However, in ruling on plaintiff's motion for partial summary judgment, it was the trial court's duty to determine whether a genuine issue of material fact existed, not to

---

[6] I do not hold that an oral agreement exists or that it is likewise enforceable.  I merely recognize that defendant has alleged that such an agreement was entered by the parties.

determine the facts so that no issue existed. In the instant case, the trial court interpreted the facts as it saw fit.

Defendant has convinced me that a genuine issue of material fact existed regarding whether she had valid ownership of the vehicle such that her possession was authorized. Accordingly, I am of the opinion that the trial court erred in granting plaintiff's motion for summary judgment on the claim of conversion.

## C. **Trespass to Personal Property**

Defendant argues that the trial court erred by granting summary judgment in plaintiff's favor with respect to his trespass to personal property claim. I agree with defendant that the record reflects the existence of a genuine issue of material fact concerning whether there was an unauthorized, unlawful interference or dispossession of the personal property.

A successful action for trespass to chattel requires the party bringing the action to demonstrate that "[(1)] he had either actual or constructive possession of the personalty or goods in question at the time of the trespass, and [(2)] that there was an unauthorized, unlawful interference or dispossession of the property." *Kirschbaum v. McLaurin Parking Co.*, 188 N.C. App. 782, 786-87, 656 S.E.2d 683, 686 (2008)

(citation and quotation omitted). "The key to assessing possession under a trespass to chattel claim is determining if there is a right to present possession whenever so desired . . . or a right to immediate actual possession." *Fordham v. Eason*, 351 N.C. 151, 155, 521 S.E.2d 701, 704 (1999) (citation omitted).

The question before the trial court was whether "there was an unauthorized, unlawful interference or dispossession of the property." *Id*. I recognize that the mere taking of an item of jointly held property, standing alone, is insufficient to support an action for trespass to chattel. Instead, there must be a showing that a co-tenant who was in unlawful possession of the personal property also destroyed the joint property or placed it beyond recovery by means of legal process. *Doyle v. Bush*, 171 N.C. 10, 86 S.E. 165, 166 (1915) (citations omitted). On these facts, I do not believe that defendant's conduct of allowing the vehicle to be sold for the purposes of satisfying a mechanic's lien necessarily was sufficient to show that defendant destroyed the personal property for purposes of this claim. This is because, as discussed above, I am not convinced that defendant did not have an equal right of possession of the vehicle given her status as co-owner on these facts.

In addition, there is evidence in the record that plaintiff was afforded the opportunity to recover the vehicle from the auto mechanic after it had been repaired, but he elected not to do so. This raises a question of whether plaintiff was in fact dispossessed of the personal property. Moreover, in November 2011, plaintiff filed for bankruptcy and listed the vehicle as an item of joint personal property that was currently in defendant's possession. He claimed that the vehicle was valued at $3,940 and sought an exemption for half of that value. Given this, it appears that plaintiff likely did not consider the vehicle to be destroyed, but instead he considered it to be in defendant's lawful possession. I am of the opinion that there is a genuine issue of material fact as to whether there was an unauthorized, unlawful interference or dispossession of the personal property. Therefore, I conclude that the trial court erred in granting plaintiff's motion for summary judgment on plaintiff's trespass to personal property claim.

In sum, because I believe the trial court erred in granting summary judgment in favor of plaintiff with respect to his conversion and trespass to personal property claims, I respectfully dissent from the majority's decision to affirm the trial court's judgment in plaintiff's favor. I would reverse

the trial court's order and remand for further proceedings. I concur in all other aspects of the majority's opinion.